John Mansfield
CA Bar. No 214848
MansfieldLaw
121 SW Morrison, Suite 400
Portland, OR 97204
john@mansfieldlaw.net
971.271.8615

Attorney for plaintiff Day Wines

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Day Crush, LLC, dba Day Wines | Case Number: 3:16-CV-7032 |
| Plaintiff, | |
| vs. | Complaint for Trademark Infringement |
| Ehren Jordan Wine Cellars, LLC; Ehren Jordan, an individual | DEMAND FOR JURY TRIAL |
| Defendants. | |

Plaintiff Day Crush, LLC, dba Day Wines ("Day Wines") makes this complaint:

## INTRODUCTION

1. Brianne Day is one of Oregon's leading young winemakers. After studying in France, New Zealand, Argentina, California and Oregon, Ms. Day began making and selling her own Oregon wines. Ms. Day registered the assumed business name "Day Wines" with the Oregon Secretary of State in August 2012.

2. Under federal law, no wine may be sold in interstate commerce before a

Complaint Case No. 3:16-CV-7032                                                                                   1

certificate of label approval, known as a "COLA," has issued from the Department of the Treasury. Ms. Day received her first COLA for the Day Wine label in September 2013. The first interstate commerce under the DAY WINES mark occurred on November 7, 2013.

3. Ms. Day has state trademark registrations for the DAY WINES mark pending or granted in multiple states. The federal trademark application for DAY WINES is currently pending before the Trademark Office. Collectively, Ms. Day's trademarks are referred to as the DAY WINES marks.

4. Beginning in 2014, Ms. Day's wines bearing the DAY WINES mark have been mentioned or reviewed in national publications such as Wine And Spirits, Wine Spectator, John Gilman, Josh Reynolds (Vinous), The Grape Collective and Alice Feiring, as well as other websites and print magazines. Day Wines are known for their old world flavor profile, produced using natural techniques. In a typical article, one reviewer noted that "Brianne Day is leading the pack of natural Oregon winemakers."[1]

5. Recently, Ms. Day heard that another wine maker, Ehren Jordan, was selling zinfandel wines under the DAY WINES mark. Mr. Jordan received his first COLA for a label with "Day Zinfandel" after June 5, 2016. Because it is illegal to sell wine before receiving COLA approval, Mr. Jordan could not have legally sold wine under the DAY mark before June 2016. Indeed, Mr. Jordan released advertising material in November 2016 with the title "Introducing DAY by Ehren Jordan." On information and belief, Mr. Jordan has not filed any federal or California applications to register "DAY" as a trademark for his wine.

6. Mr. Jordan's use of "DAY" in connection with his zinfandel and other wines has already caused actual confusion between customers, and is likely to continue to cause confusion. Although Ms. Day does not make a zinfandel wine, the appearance of Mr. Jordan's products has led to consumer inquiries to Ms. Day or distributors about her 'new Day zinfandel.'

---

[1] http://www.eater.com/drinks/2015/6/30/8868287/how-brianne-day-is-leading-the-next-

Complaint Case No. 3:16-CV-7032                                                                                   2

7. Ms. Day, through counsel, contacted Mr. Jordan before his new "Day zinfandel" was released, to inform him of her prior trademark rights. Mr. Jordan's counsel rebuffed this outreach, and Mr. Jordan continues to willfully sell and market his wines under the "Day" mark. Ms. Day files this lawsuit to prevent further consumer confusion and to preserve the brand value she has been building under her DAY WINES trademarks since 2013.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

**A.    Jurisdiction and Venue**

8. The claims for trademark infringement and unfair competition arise under the Lanham Trademark Act, as amended, 15 U.S.C. §1051 et seq. The Court has jurisdiction over the subject matter of these claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331 and § 1338(a).

9. Venue is proper within this Court pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).

**B.    Plaintiff Day Wines**

10. Plaintiff Day Crush, LLC, dba Day Wines, is an Oregon Limited Liability Company. Day Wines has its principal place of business in Dundee, Oregon.

**C.    Defendants Ehren Jordan Wine Cellars, LLC ("EJWC") and Ehren Jordan**

11. Ehren Jordan Wine Cellars, LLC ("EJWC") is a California limited liability corporation, with its principal place of business in Saint Helena, CA. Ehren Jordan is an individual who, on information and belief, owns or controls EJWC, and is a resident of Saint Helena, CA. Collectively EJWC and Mr. Jordan are referred to as "Mr. Jordan" or "defendants."

12. Day Wines is informed and believes that Mr. Jordan is a principal and/or supervisory employee of EJWC and that he personally authorized, participated in or directed the infringing acts that led to this complaint. On information and belief, Mr. Jordan had the right and ability to supervise or control the alleged infringing activity, and has a direct financial interest in this activity. In addition to or alternatively, Mr. Jordan knew or should have known of the infringing activity, and took actions that contributed to the activity.

**D.     Defendants' infringing use of the Day trademarks**

13.     On July 14, 2016, Mr. Jordan or his agent registered the domain name www.dayzinfandel.com. The domain name www.daywines.com would not have been available to Mr. Jordan, because Ms. Day had registered it in 2012. Since it is common when choosing domain names to use online search tools to determine which names are available, it is likely that Mr. Jordan or his agents would have come across the daywines.com listing, and become aware of its unavailability. If Mr. Jordan had done a web search for daywines.com, he would almost certainly have come upon Ms. Day's website bearing her DAY WINES marks, at www.daywines.com.

14.     Some time after this, Mr. Jordan's dayzinfandel.com site went live, with a copyright notice claiming a date of 2016. At first, the website it had an introduction page that read: "Established 2016."[2] After receiving a cease and desist letter from DAY WINES' counsel, the introduction page was changed to read: "Established 2011." According to dayzinfandel.com, this is the date that Mr. Jordan's zinfandel grapes were planted. Regardless of when Mr. Jordan began growing grapes, On information and belief, Mr. Jordan did not begin selling zinfandel under the Day name until September 2016.

15.     The dayzinfandel.com site makes it clear that "Day Wines are distributed in California through **Chambers and Chambers**, based in San Francisco. Please contact your local representative if you are interested for your restaurant or retail store."[3] The Chambers & Chambers Wine Merchant's website offers sales materials for Day Zinfandel, all of which use the DAY WINES mark

16.     The dayzinfandel.com site links to numerous images of DAY wine as used by Mr. Jordan for his zinfandel wines. This image is exemplary:[4]

---

[2]  "©Day Zinfandel 2016."

[3]  https://www.dayzinfandel.com/trade-1/

[4]  https://www.instagram.com/p/BKBwenvg5x1/



17.     Mr. Jordan's use of the DAY WINES mark has already caused actual confusion with customers, who believe that Mr. Jordan's wine is made by Day Wines. For example, Day Wines received the following email communication from a wine retailer in Sausalito California:

**Subject** wholesale purchase!

**Message** Hi, Someone left us a bottle of your Zin and we wanted to order three cases of it for $xx/case (because it's online for $xx) Let us know!

18.     Mr. Jordan's use of the DAY WINES mark is also is very likely to cause consumer confusion. The marks are virtually identical, and used for the same category of products, wines. The close relationship between the goods is exemplified by the fact that a wine merchant who received a bottle of Mr. Jordan's wines mistakenly tried to order cases of Mr. Jordan's zinfandel wholesale from Day Wines.

Complaint Case No. 3:16-CV-7032                                                                                           5

19. Both Day Wines and Mr. Jordan's zinfandel are reviewed by publications such as Wine Spectator, which consumers rely upon when making purchasing decisions. Both products are also sold through wine retailers as noted in the previous paragraphs, and other online channels, including Instagram.

**FIRST CLAIM FOR RELIEF**

**(Federal Trademark Infringement)**

20. Day Wines repeats all of the allegations made above.

21. Day Wines' claim arises under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

22. Defendants' advertising, display, distribution, promotion, sale and/or offer for sale of products and/or services using the DAY WINES mark is likely to cause confusion or to cause mistake or to deceive the relevant public and trade regarding the affiliation, sponsorship, endorsement or approval by Day Wines of Defendants' infringing uses.

23. Such confusion, mistake and deception is aggravated by the confusing similarity between the DAY WINES mark and the use by Defendants of identical or near identical likenesses of marks in connection with the same type of services and goods made and sold by or under the authority of Day Wines.

24. On information and belief, Defendants acted with knowledge of the DAY WINES mark and of the valuable goodwill of Day Wines, with intent to confuse, mislead and deceive the public into believing that Mr. Jordan's sales and related activities under those trademarks were by Day Wines, or were in some other manner approved or endorsed by Day Wines.

25. Day Wines has suffered and continues to suffer damages because of Defendants' acts and trademark infringement in amounts to be determined at trial. To determine the full extent of such damages, including such profits as maybe recoverable under 15 U.S.C. § 1117(a), Day Wines will require an accounting from Defendants of all funds received from the distribution and/or sale of the infringing wines.

26. Day Wines has no adequate remedy at law, has suffered, and continues to suffer irreparable harm and damage because of Defendants' infringement. Unless enjoined by the

Court, Defendants' unlawful infringement will continue to irreparably damage Day Wines.

27. Day Wines requests preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

## SECOND CLAIM FOR RELIEF

### (Lanham Act – Unfair Competition/Passing Off)

28. Day Wines repeats all of the allegations made above.

29. Day Wines' claim arises under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

30. As a direct result of Day Wines' longstanding use, sales, advertising, and marketing, the public has come to identify the DAY WINES mark with Day Wines and its respective products.

31. The products and services that Defendants have offered and/or sold and distributed exactly duplicate and appropriate the DAY WINES mark and delude and confuse the public into believing that Day Wines approved, authorized, or sponsored the products sold, offered for sale, advertised or distributed by Defendants.

32. Defendants, by misappropriating and using the likenesses of the DAY WINES mark in connection with similar products and services as offered by Day Wines, has passed off their products as those of Day Wines and have misrepresented and will continue to misrepresent and falsely describe to the general public the origin and sponsorship of Defendants' product and services. Defendants caused such products and services to enter into commerce willfully with full knowledge of the falsity of the designation of their origin and description and representation in an effort to mislead the purchasing public into believing that their products and services are authorized by Day Wines.

33. These acts constitute a violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

**PRAYER FOR RELIEF**

WHEREFORE, Day Wines prays for an Order:

A.  That Defendants, their agents, servants, employees, representatives, successor and assigns, and all persons, firms, corporations or other entities in active concert or participation with any of the Defendants, be immediately and permanently enjoined from:

  1.  Directly or indirectly infringing the DAY WINES mark in any manner, including generally, without limitation, manufacture, importation, distribution, advertising, selling and/or offering for sale any goods or services which infringe the DAY WINES mark;

  2.  Manufacturing, distributing, advertising, selling and/or offering for sale any other unauthorized product or service which picture, reproduce, copy or use the likenesses of or bear a confusing and/or substantial similarity to any of the DAY WINES marks;

  3.  Manufacturing, distributing, advertising, selling and/or offering for sale any unauthorized promotional materials, labels, packaging or containers which picture, reproduce, copy or use the likenesses of or bear a confusing and/or substantial similarity to any of the DAY WINES marks;

  4.  Engaging in any conduct that tends falsely to represent, or is likely to confuse, mislead or deceive purchasers, Defendants' customers and/or members of the public to believe the actions of Defendants, the products and services sold or offered by Defendants, or Defendants themselves are connected with Day Wines, or are sponsored, approved, licensed, or are in some way affiliated by or with Day Wines;

  5.  Affixing, applying, annexing or using in connection with the importation, manufacture, distribution, advertising, sale and/or offer for sale or other use of any goods and services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of Day Wines.

  6.  Otherwise competing unfairly with Day Wines in any manner;

B. Pursuant to 15 U.S.C. § 1118(b), that Defendants destroy or otherwise dispose of:

- Merchandise owned or in Defendants' control falsely bearing the DAY WINES mark;
- Any other products which picture, reproduce, copy or use the likenesses of or bear a substantial similarity to the DAY WINES mark;
- Any labels, packages, wrappers, containers or any other unauthorized promotional or advertising material item which reproduce, copy, counterfeit, imitate or bear any of the DAY WINES marks;
- Any molds, screens, patterns, plates, negatives or other elements used for making or manufacturing products bearing the DAY WINES marks;
- Any sales and supply or customer journals, ledgers, invoices, purchase orders, inventory control documents, bank records, catalogs and all other business records, believed to concern the manufacture, purchase, advertising, sale or offering for sale of products or services related to the infringing uses;

C. That Defendants be required to pay actual damages increased to the maximum extent permitted by law and/or other applicable damages at Day Wines' election;

D. That Defendants account for and pay to Day Wines all damages sustained by Day Wines and profits realized by Defendants because of their unlawful acts and that those profits be increased as provided by law;

E. That actual damages be trebled pursuant to 15 U.S.C. § 1117(a);

F. That this is an exceptional case due to Defendants' willfully infringing conduct and that Day Wines recover from Defendants its costs of this action and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a); and

G. That Day Wines have all other further relief as the Court may deem just and equitable under the circumstances.

**DEMAND FOR JURY TRIAL**

Day Wines demands trial by jury on all claims and issues that may be tried to a jury.

Respectfully submitted this 8th day of December

                                                    /s/ John Mansfield
                                                  MANSFIELDLAW

                                                  Attorney for plaintiff Day Wines